UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARIE PIERRE,

        Plaintiff,

v.

BEACHSIDE LIVING LLC D/B/A
SUNSET BY THE SEA,

        Defendant.

_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, MARIE PIERRE, brings this action against Defendant, BEACHSIDE LIVING LLC D/B/A SUNSET BY THE SEA, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff MARIE PIERRE was a resident of the State of Florida and an employee in the domestic service of a household and performing a variety of household services as defined by the FLSA under 29 U.S.C. § 202.

3. At all times material hereto, Plaintiff MARIE PIERRE engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA.

4. Defendant is an enterprise engaged in commerce through their operation of institutions primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution pursuant to 29 U.S.C. § 203(s)(1)(B).

5. At all times material hereto, Defendant, BEACHSIDE LIVING LLC D/B/A SUNSET BY THE SEA, was a Florida corporation with its principal place of business in South Florida, engaged

in commerce in the field of assisted living facilitiy and healthcare services, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6. Two or more of Defendant's employees handled tools, supplies, and equipment manfuactured outside Florida in furthernace of their business including but not limited to paper, pens, cell phones, computers, computer monitors, computer keyboards, computer mice, and cleaning supplies.

7. Plaintiff MARIE PIERRE worked for Defendant as a health aide.

8. Defendant failed to pay Plaintiff her full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for all hours worked over 40 each week.

9. Attached as <u>Exhibit A</u> is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

10. Defendant has knowingly and willfully refused to pay Plaintiff her legally-entitled wages.

11. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

12. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

13. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-12 above as if set forth herein in full.

14. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

15. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendant plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

    Respectfully submitted,

    Koz Law, P.A.
    320 S.E. 9th Street
    Fort Lauderdale, Florida 33316
    Phone: (786) 924-9929
    Fax:    (786) 358-6071
    Email: ekoz@kozlawfirm.com

    _____
    Elliot Kozolchyk, Esq.
    Bar No.: 74791